GENEVIEVE MARIE WALKER, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Walker v. Comm'r
Docket No. 22570-09 L
United States Tax Court
2011 U.S. Tax Ct. LEXIS 62; 2013-1 U.S. Tax Cas. (CCH) P50,203; October 18, 2011, Decided
*62 Lewis R. Carluzzo, Special Trial Judge.
Lewis R. Carluzzo
ORDER OF DISMISSAL FOR LACK OF JURISDICTION
This section 6330 (d)[1] case is before the Court on respondent's Motion To Dismiss for Lack of Jurisdiction and to Strike as to the Taxable Years 2002, 2003, 2004, 2005, and 2008, filed November 3, 2010. The title of the motion notwithstanding, in his motion respondent requests that the case be dismissed as to all years referenced in the petition, including those in the title of the motion as well as 2006 and 2007, on the ground that the case was not initiated by petitioner or by an individual duly authorized to do so on her behalf. Alternatively, respondent's motion requests that so much of this case as relates to the years referenced in the motion's title be dismissed upon the ground that no notice of deficiency or notice of determination sufficient to confer jurisdiction on this Court has been issued to petitioner for those years.
The petition in this case, filed at least in part in response to a *63 Notice of Determination Concerning Collection Actions Under Section 6320 and 6330, issued to petitioner and dated August 20, 2009 (the notice), is signed in petitioner's name by Michelle Jan Walker-Cook, as petitioner's "Attorney-In-Fact". According to Ms. Walker-Cook, as such she was authorized to act on petitioner's behalf before the Internal Revenue Service and this Court. Maybe so with respect to the Internal Revenue Service, but the instrument, if any, that establishes her "attorney-in-fact" relationship with petitioner, in and of itself, is insufficient to allow her to proceed on petitioner's behalf before this Court in this case. This was explained to Ms. Walker-Cook in an Order dated September 20, 2010. Providing some guidance on what is required, that Order makes it clear that under the circumstances, Ms. Walker-Cook may act on petitioner's behalf in this case only after an appropriate application to do so is made to, and granted by this Court. See Rule 60 (d). Although Ms. Walker-Cook has been given more than adequate time to proceed as contemplated by that Order, she has failed or refuses to do so.
Attempting to avoid an inevitable dismissal for lack of jurisdiction, the *64 Court once again provided petitioner with the opportunity to cure one of the jurisdictional defects now relied upon by respondent in support of the motion here under consideration. By Order dated July 15, 2011, petitioner was given the opportunity to ratify the filing of the petition on her behalf. In that Order, the Court advised petitioner that her failure to comply could result in dismissal of this case. As it stands, the filing of the petition has not been ratified by petitioner or by any individual authorized to act on her behalf.
All of the documents filed in this case that show petitioner's signature have been signed by Ms. Walker-Cook. This is also true with respect to many other documents received from petitioner, but returned to her unfiled because the document, for one reason or another, did not comply with the Court's Rules. Ms. Walker-Cook has been given sufficient opportunity to seek appointment to proceed as petitioner's "next friend" or "guardian ad litem", but she has failed to take the necessary steps to effectuate that appointment. It would appear that Ms. Walker-Cook has made little effort to acquaint herself with the Court's Rules in order properly to prosecute *65 this case on petitioner's behalf, and we cannot help but to note that many of the documents that she submitted (and more likely than not prepared) on petitioner's behalf contain statements that this Court and other Federal courts have repeatedly deemed frivolous.
Petitioner neither signed the petition nor ratified its filing on her behalf. Ms. Walker-Cook, the individual who signed petitioner's name to the petition, has not established her authority to do so. Premises considered, and for the reasons set forth in respondent's motion, it is
ORDERED that respondent's motion is granted and this case is dismissed for lack of jurisdiction upon the ground that the petition was not filed by a person with the authority to do so. It is further
ORDERED that petitioner's motion to change place of trial, filed August 26, 2011, is denied as moot. It is further
ORDERED that, in addition to regular service, the Clerk of the Court shall serve a copy of this Order and Decision on Michelle Jan Walker-Cook, P.O. Box 2118, Carlsbad, CA 92018.
/s/ Lewis R. Carluzzo
Special Trial Judge
ENTERED: OCT 18 2011
Footnotes
1. Section references are to the Internal Revenue Code of 1986, as amended. Rule references are to the Tax Court Rules of Practice and Procedure, available on the Internet at www.ustaxcourt.gov.↩